UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARJIE LEVY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: _____ |
| ) | |
| PFIZER INC., ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |

## PFIZER INC.'S NOTICE OF REMOVAL

1.       On October 22, 2012, Plaintiff Marjie Levy ("Plaintiff") filed a putative class action against Defendant Pfizer Inc. ("Pfizer") in the Circuit Court of the County of St. Louis, Missouri, entitled *Marjie Levy v. Pfizer Inc.*, Case No. 125L-CC04020.  Pfizer was served with a copy of the Petition and Summons on November 7, 2012.  Pfizer now hereby removes this action from the Circuit Court of the County of St. Louis to this Court, pursuant to sections 1332 and 1441 of Title 28 of the United States Code.  This removal is timely because it has been filed within 30 days of service, as required by 28 U.S.C. § 1446(b).  Pursuant to Local Rule 81-2.03, copies of all process, pleadings, orders, and other documents on file with the Circuit Court for the County of St. Louis are attached hereto as Exhibit 1.

2.       Plaintiff purports to represent a Missouri class of "[a]ll Missouri citizens who purchased Advil for personal, family, or household purposes and later discarded and replaced it." Ex. 1 (Compl.) ¶ 63.  Among other relief, Plaintiff purports to seek, on behalf of herself and each putative class member, actual damages, punitive damages, and attorneys' fees.  *Id.*, Prayer for Relief.  In addition, Plaintiff seeks injunctive relief enjoining Pfizer from the allegedly wrongful conduct.  *Id.*  For the reasons stated below, removal to this Court is proper.

## VENUE

3. Venue is proper in this Court under 28 U.S.C. § 1441(a) because the removed action was filed in the Circuit Court of the County of St. Louis in the State of Missouri, which is within this district and division.

## JURISDICTION

4. Under the Class Action Fairness Act ("CAFA"), this Court has original jurisdiction over any civil action involving a plaintiff class of 100 or more members in which the matter in controversy exceeds the sum or value of $5,000,000 and in which any class member is a citizen of a state different from any defendant. *See* 28 U.S.C. § 1332(d). All of these requirements for this Court's exercise of original jurisdiction exist in the present action.

5. First, diversity of citizenship exists. Plaintiff is a citizen of Missouri. Ex. 1 (Compl.) ¶ 14. Pfizer is a Delaware corporation with its principal place of business in New York, New York. *Id.* ¶ 15; *see* 28 U.S.C. § 1332(c)(1) (for purposes of diversity, a corporation is deemed to be a citizen of the state(s) in which it is incorporated and where it has its principal place of business). This diversity of citizenship meets the requirements of 28 U.S.C. § 1332(d)(2)(A).

6. Second, the proposed class consists of at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(b). Although Plaintiff's class definition makes it difficult or impossible to ascertain the members of the class without millions of individualized inquiries into the purchase and use of Advil by Missouri consumers, Plaintiff's Petition facially meets the jurisdictional requirement that the putative class consist of 100 or more members. Plaintiff brings the action on behalf of "[a]ll Missouri citizens who purchased Advil for personal, family, or household purposes and who later discarded and replaced it." Ex. 1 (Compl.) ¶ 63. Plaintiff further alleges that the putative class is comprised of "numerous consumers, the joinder of whom is impracticable, both because they are geographically dispersed across the state and because of their number." *Id.* ¶ 64. Although Plaintiff does not allege that the putative class consists of any specific number of consumers, there were 1,915,873 packages of Advil sold to consumers in Missouri through Wal-

Mart stores *alone* during the putative class period, far exceeding the jurisdictional requirement. *See* Rezek Decl. ¶ 5.

7.   Third, the amount in controversy exceeds the sum of $5,000,000. *See* 28 U.S.C. § 1332(d)(6).  In cases removed under CAFA, the requisite amount in controversy must be shown by a preponderance of the evidence.  *See Bell v. Hershey Co.*, 557 F.3d 953, 958 (8th Cir. 2009). Under this standard, "[t]he jurisdictional fact . . . is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are . . . ." *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 944 (8th Cir. 2012) (quoting *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)) (emphasis in original).

8.   Here, Plaintiff seeks actual damages, attorneys' fees, punitive damages, as well as injunctive relief.  *See* Ex. 1 (Compl.), Prayer for Relief.  Plaintiff alleges that she and the putative class members suffered loss of money or property when they discarded Advil after the expiration date printed on the label, and spent money to purchase more Advil to replace it.  *Id.* ¶¶ 83-84. As set forth in the attached Declaration of Zack Apkarian, the retail sales of Advil in Missouri exceeded $26 million from January 2009 to the present (which does not include more than a year of the putative class period).  Apkarian Decl. ¶¶ 4-5.  Further, as set forth in the Declaration of Richard Rezek, during the five-year putative class period, nearly $22 million of Advil (at wholesale prices) was shipped to distributors and wholesalers in Missouri.  Rezek Decl. ¶ 7. That figure does not include Advil that ended up in retail outlets such as CVS and Walgreens, which supply their Missouri stores using distributors outside of Missouri.  *Id.*  And consumers in Missouri paid approximately $12.6 million for Advil in Wal-Mart alone during the five-year putative class period.  Rezek Decl. ¶ 5.

9.   While the putative class (people who bought Advil, threw it away, and then repurchased it) is unascertainable, and Plaintiff has not offered any theory as to how she could ever determine which purchases fall within the class definition without conducting millions of individual inquiries, the appropriate jurisdictional inquiry is whether a fact finder might ultimately conclude that damages exceed the $5,000,000 threshold.  *Hartis*, 694 F.3d at 944.

Because all retail sales of Advil in Missouri are potentially at issue here, and because the amount of those sales exceeds $26 million, that requirement is satisfied.

10. In addition, punitive damages must be included when determining the amount in controversy. *See Allison v. Sec. Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992) (citing *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943)) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."). Under Missouri law, a plaintiff can collect up to five times the actual damages awarded. Mo. Rev. Stat. § 510.265.1. Thus, even if only 5% of the more than $26 million retail sales of Advil in Missouri were considered "in controversy," the punitive damages request would take the amount over the CAFA $5 million threshold.

11. Finally, although it is unnecessary to consider attorneys' fees and the value of injunctive relief to meet the $5 million threshold, both are likely to be significant and should also be included when measuring the amount in controversy. *See Toller v. Sagamore Ins. Co.*, 558 F. Supp. 2d 924, 928 (E.D. Ark. 2008) (quoting *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001)) (noting that "attorneys' fees . . . count toward the jurisdictional minimum for diversity jurisdiction" under CAFA); Mo. Rev. Stat. § 407.025.1 (attorneys' fees may be awarded to successful plaintiffs under the Missouri Merchandising Practices Act); *Chochorowski v. Home Depot USA*, 585 F. Supp. 2d 1085, 1094 (E.D. Mo. 2008) (courts should consider value to the plaintiff of injunctive relief in measuring amount in controversy).

12. When actual damages, punitive damages, the value of injunctive relief, and attorneys' fees are aggregated, the amount in controversy well exceeds the $5 million threshold by a preponderance of the evidence. Accordingly, this Court has original jurisdiction under 28 U.S.C. § 1332(d)(2), and removal is proper under 28 U.S.C. §§ 1441(a) and 1453.

## NOTICE

13. In accordance with 28 U.S.C. § 1446(d), Pfizer is providing notice of this removal to Plaintiff, and is filing a copy of this Notice of Removal with the Clerk of the Circuit Court of the County of St. Louis, Missouri.

Dated:  December 7, 2012  Respectfully submitted,

SHOOK, HARDY & BACON LLP

By /s/ James P. Muehlberger
   James P. Muehlberger, #51346MO
   Douglas B. Maddock, Jr., #53072MO

2555 Grand Blvd.
Kansas City, Missouri 64108
Phone:  816-474-6550
Fax:  816-421-5547

ATTORNEYS FOR DEFENDANT PFIZER INC.

## CERTIFICATE OF SERVICE

      I hereby certify that on this 7th day of December, 2012, a true and correct copy of the foregoing document was served upon the following via the Court's electronic notification system, electronic mail, and/or U.S. Mail, postage prepaid:

Richard S. Cornfeld
Law Office of Richard S. Cornfeld
1010 Market Street, Suite 1605
St. Louis, MO 63101
rcornfeld@cornfeldlegal.com

ATTORNEY FOR PLAINTIFF

    /s/ James P. Muehlberger
ATTORNEY FOR DEFENDANT
PFIZER INC.