UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL RASKAS, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12 CV 2174 JCH |
| | ) | |
| JOHNSON & JOHNSON, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

_____

| | | |
|---|---|---|
| MARJIE LEVY, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12 CV 2266 HEA |
| | ) | |
| PFIZER, INC., | ) | |
| | ) | |
|     Defendant. | ) | |

_____

| | | |
|---|---|---|
| LESLIE YOFFIE, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12 CV 2307 CDP |
| | ) | |
| BAYER HEALTHCARE, LLC, | ) | |
| | ) | |
|     Defendant. | ) | |

**MEMORANDUM OPINION**

Defendants removed these cases to this court from Missouri state court pursuant to 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act (CAFA). On March 26, 2013, I entered orders remanding the cases to state court. Defendants now seek orders staying remand of these cases to the Circuit Court for St. Louis County, pending their request for appellate review of the remand orders. Plaintiffs have also filed motions to recover costs and attorneys' fees. For the following reasons, I will grant defendants' motions to stay the remand orders and deny plaintiffs' motions for costs and attorneys' fees.

## Background

Plaintiffs filed these cases in Missouri state court, all raising similar allegations under the Missouri Merchandising Practices Act (MMPA). The primary allegations by plaintiffs are that defendants placed expiration dates on their medications, causing consumers to discard products and replace them after the expiration dates had passed, with knowledge that the products remained safe and effective beyond those dates. Defendants removed these cases from the Circuit Court for St. Louis County pursuant to CAFA. Because I concluded that the defendants did not meet their burden of establishing an amount in controversy that is at least $5 million – a necessary requirement under CAFA – I entered orders remanding the cases to state court on March 26, 2013.

Defendants now seek a stay of those remand orders, arguing that equity favors issuance of a stay. They argue that the brief stay required for the expedited appeal process will prevent the parties from having to expend resources to litigate the cases simultaneously in state court and on appeal, and that it would avoid any potentially inconsistent rulings from the state court. Plaintiffs oppose the motion, arguing that this court lacks jurisdiction to impose a stay after issuing remand orders and that, even if this court has jurisdiction to stay the orders, such action is not warranted in these circumstances. Plaintiffs also seek to recover costs and attorneys' fees incurred as a result of defendants' improper removal of these cases.

## Discussion

Under 28 U.S.C. § 1447(d), an order remanding a case to state court is generally not reviewable on appeal. For that reason, when a remand order is issued by a district court, the district court is ordinarily divested of jurisdiction, allowing the state court to proceed with the case. 28 U.S.C. § 1447(c). However, Congress expressly authorized federal courts of appeals to exercise their discretion to accept an appeal from a remand order under CAFA "notwithstanding section 1447(d)." 28 U.S.C. § 1453(c). This statute constitutes an exception to the general rule that remand orders are not appealable.

Having fully considered the parties' arguments, I conclude that I have the authority to reopen these cases for the limited purpose of staying the remand orders. To hold that a district court lacks the limited jurisdiction to stay its remand order in a CAFA case would render the statutory right to appeal a CAFA remand order hollow. *See Ind. State Dist. Council of Laborers & Hod Carriers Pension Fund v. Renal Care Grp., Inc.*, No. 3:05-0451, 2005 WL 2237598 (M.D. Tenn. Sept. 12, 2005) ("If the case is actually remanded, and the state court proceeds to move it forward, the appellate right would be an empty one."). I agree with the reasoning of other courts that have held that the exercise of jurisdiction to stay a CAFA remand order is appropriate given the statutory scheme permitting immediate appeal of such orders.[1] *See, e.g.*, *Lafalier v. Cinnabar Serv. Co., Inc.*, No. 10-CV-0005, 2010 WL 1816377, at *1 (N.D. Okla. Apr. 30, 2010); *Ind. State Dist. Council*, 2005 WL 2237598, at *1; *see also Smith v. Am. Bankers Ins. Co. of Fla.*, No. 2:11-CV-02113, 2011 WL 6399526 (W.D. Ark. Dec. 21, 2011) (assuming jurisdiction and conducting a stay analysis on the merits); *Tomlinson v. Skechers*

---

[1] As plaintiffs correctly point out, some courts have declined to exercise jurisdiction in these circumstances, holding that the rule of § 1447(c), divesting district courts of jurisdiction once a remand order has been sent to the state court, still applies to CAFA remand orders. *See, e.g.*, *In re Oxycontin Antitrust Litig.*, No. 08 Civ. 3380, 2011 WL 4801360 (S.D.N.Y. Oct. 6, 2011); *Migis v. AutoZone, Inc.*, No. Civ. 08-1394, 2009 WL 690627 (D. Or. Mar. 6, 2009).

*USA, Inc.*, No. 5:11-CV-5042 (W.D. Ark. June 17, 2011) (same).  Therefore, I will consider defendants' motions to stay the remand orders on their merits.

When deciding a motion to stay pending appellate review, court consider four factors in determining whether a stay is warranted:  "(1) the likelihood that a party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay."  *Iowa Utils. Bd. v. F.C.C.*, 109 F.3d 418, 423 (8th Cir. 1996). This court must "consider the relative strength of the four factors, balancing them all."  *Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011) (internal quotations marks and citation omitted).  After examining each of these four factors, I conclude that a stay is warranted in these cases.

The Eighth Circuit has stated that the first factor, the appellant's likelihood of success on the merits, is the most important factor in the analysis.  *Brady*, 640 F.3d at 789.  However, other courts analyzing CAFA cases have placed lesser emphasis on this factor when the remaining harm factors strongly support the issuance of a stay. *See, e.g.*, *Lafalier*, 2010 WL 1816377, at 1 ("If [defendant] establishes the three 'harm' factors, the Court should apply a somewhat relaxed standard to the 'likelihood of success' requirement, and grant the motion for a stay if [defendant]

raises 'questions going to the merits so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation.'" (citing *FTC v. Mainstream Mktg. Servs., Inc.*, 345 F.3d 850, 852 (10th Cir. 2003))).

In their opposition briefs to plaintiffs' motions to remand, defendants cited several cases that found the amount-in-controversy requirement to have been satisfied. Although I found the cases cited by defendants to be distinguishable from the facts in these cases – and instead found cases denying federal CAFA jurisdiction to be more persuasive and applicable to the facts in these cases – the lack of authority from this Circuit on these issues makes appellate review appropriate. Therefore, I conclude that defendants have adequately demonstrated a sufficient likelihood of success on the merits to support their motions to stay.

As to the second factor, the likelihood that defendants will be irreparably harmed absent a stay, the burden of having to simultaneously litigate these cases in state court and on appeal to the Eighth Circuit, as well as the potential of inconsistent outcomes if the state court rules on any motions while the case is pending before the Eighth Circuit, weigh in favor of granting the stays. When these cases were remanded, there were pending motions to dismiss and motions to strike the class allegations that I denied without prejudice. The possibility that

these motions may be refiled in and ruled upon by the state court before the Eighth Circuit issues its decision may cause irreparable harm not only to the defendants, but also to the plaintiffs.   This situation also relates to the third factor, the prospect of harm to the plaintiffs if the stay is granted, as it seems that plaintiffs' interests would actually be served by granting a stay.   Neither party would be required to incur additional expenses from simultaneous litigation before a definitive ruling on appeal is issued.   Additionally, plaintiffs would not be harmed by a lengthy delay because of the expedited appellate review process set forth in § 1453(a).   Finally, as to the fourth factor, public interest favors granting a stay because it would avoid potentially duplicative litigation in the state courts and federal courts, thereby conserving judicial resources and promoting judicial economy.

  Therefore, based on this analysis, I conclude that I have jurisdiction to issue stays of the remand orders in these cases and that such stays are appropriate. Furthermore, as I have already determined that I lack subject matter jurisdiction over the merits of this case, the parties may not seek any further relief from this court until the Eighth Circuit rules on defendants' petition for permission to appeal, or on the merits if it accepts the appeal.

  Additionally, plaintiffs have moved to recover costs and attorneys' fees incurred as a result of defendants' improper removal of these cases.   Under 28

U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

In these cases, defendants had an objectively reasonable basis for seeking removal. As discussed above, there is case law supporting the arguments that defendants made in their opposition briefs. Further, defendants do not appear to have removed these cases solely for the purpose of delay or to impose costs on the plaintiffs, as they thoroughly briefed and argued their positions and presented a significant amount of sales data in support of their arguments. Therefore, as the defendants had an objectively reasonable basis for removing these cases, I will not order them to pay plaintiffs' costs and attorneys' fees.

Separate orders in accordance with this opinion will be issued in each case.

                                            CATHERINE D. PERRY
                                            UNITED STATES DISTRICT JUDGE

Dated this 29th day of April, 2013.